## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| DYLAN JAMES STELLICK, | Case No. 22-CV-0850 (ECT/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| DOC, | |
| Respondent. | |

This matter is before the Court on Petitioner Dylan James Stellick's (1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Dkt. No. 1) and (2) Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2 ("IFP Application")). The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the following reasons, the Court recommends dismissing this action without prejudice and denying the IFP Application as moot.

In December 2018, Hennepin County authorities issued a complaint charging Mr. Stellick with one count each of (1) possessing a firearm after having been convicted of a crime of violence, in violation of Minn. Stat. § 624.713, subd. 1(2) (2016); and (2) unlawfully possessing a mixture containing methamphetamine, in violation of Minn. Stat. § 152.025, subd. 2(1) (2016). *See* Compl. 1, *State v. Stellick*, No. 27-CR-18-30894 (Minn.

Dist. Ct. Dec. 20, 2018).[1] In April 2020, Mr. Stellick pleaded guilty to the firearm count; as part of the agreement, authorities agreed to dismiss the drug count. *See* Pet. Enter Plea, *State v. Stellick*, No. 27-CR-18-30894 (Minn. Dist. Ct. Apr. 13, 2020). The trial court sentenced Mr. Stellick to 60 months' imprisonment, but stayed the sentence for 3 years. *State v. Stellick*, No. 27-CR-18-30894, slip op. at 1 (Minn. Dist. Ct. Apr. 13, 2020).

In May 2020, authorities filed a probation-violation report asserting that Mr. Stellick had violated the conditions of the stay of his sentence. *See, e.g.*, Treatment Court Warrant, *State v. Stellick*, No. 27-CR-18-30894 (Minn. Dist. Ct. May 1, 2020). The trial court later imposed the stayed 60-month sentence. *State v. Stellick*, No. 27-CR-18-30894, am. order at 2 (Minn. Dist. Ct. June 9, 2020); *see also State v. Stellick*, No. 27-CR-18-30894, am. order at 2 (Minn. Dist. Ct. Mar. 29, 2021) (adjusting amount of time-served conduct). It appears that Mr. Stellick is now serving the supervised-release portion of that sentence. *See* Minn. Dep't of Corrs., Offender Locator, *available at* https://coms.doc.state.mn.us/publicviewer (last accessed May 24, 2022). According to the state-court docket in No. 27-CR-18-30894, Mr. Stellick never filed a direct appeal of his state-court action, nor has he ever filed a petition for postconviction relief. *See* Register of Actions, *State v. Stellick*, No. 27-CR-18-30894 (Minn. Dist. Ct.) ("*Stellick* State-Court Docket").

---

[1] Materials from Mr. Stellick's state-court prosecution cited in this Report and Recommendation are not attached to materials in this action's docket. But these materials are publicly available court records, so the Court may take judicial notice of them. *See, e.g.*, *United States v. Schneider*, 905 F.3d 1088, 1092 n.1 (8th Cir. 2018) (citing *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005)); *Scales v. Minnesota*, No. 22-CV-0349 (PJS/JFD), 2022 WL 884616, at *1 (D. Minn. Mar. 25, 2022) (citing cases), *R. & R. adopted*, 2022 WL 1228231 (D. Minn. Apr. 26, 2022).

This federal habeas action began on April 7, 2022, when the Court received the Petition and IFP Application. As noted above, the Petition is styled as a habeas petition subject to 28 U.S.C. § 2254; it challenges the judgment of conviction in Mr. Stellick's state-court prosecution. (*See, e.g.*, Pet. 1.) The Petition raises one challenge. Mr. Stellick states, "There was no firearm/[illegal] search and seizure." (*Id.* at 5.)

A petition subject to § 2254 has certain requirements. These include § 2254(b)(1)'s "exhaustion requirement":

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B) (i) there is an absence of available State corrective process; or
>
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The exhaustion requirement is "designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to . . . correct a constitutional violation.'" *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (brackets and ellipses in *Davila*)); *see also, e.g.*, *Fisherman v. Minnesota*, No. 21-CV-735 (NEB/JFD), 2021 WL 7161829, at *4 (D. Minn. Nov. 15, 2021) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)),

*R. & R. adopted*, 2022 WL 542451 (D. Minn. Feb. 23, 2022).[2] To exhaust state-court remedies, a prisoner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam)); *cf. Fisherman*, 2021 WL 7161829, at *4 ("In Minnesota, a petitioner's claims must be presented to both the Minnesota Court of Appeals and the Minnesota Supreme Court before a federal court may entertain them." (citing *Baldwin*)).[3]

Here, state-court records show that Mr. Stellick has not exhausted his state-court records—he has never presented any pertinent arguments to the Minnesota Court of Appeals, much less the Minnesota Supreme Court. *See Stellick* State-Court Docket. The U.S. Court of Appeals for the Eighth Circuit has explained the consequences when a petition subject to § 2254 is unexhausted:

> When a state court remedy is available for a state prisoner's

---

[2] Courts addressing habeas petitions subject to § 2254 may consider exhaustion *sua sponte*. *See, e.g.*, *McCartney v. Vitek*, 902 F.2d 616, 617 (8th Cir. 1990) (per curiam) (citing *Davis v. Campbell*, 608 F.2d 317, 320 (8th Cir. 1979) (per curiam)); *Scales v. Minnesota*, No. 22-CV-0349 (PJS/JFD), 2022 WL 884616, at *2 n.4 (D. Minn. Mar. 25, 2022) (citing cases), *R. & R. adopted*, 2022 WL 1228231 (D. Minn. Apr. 26, 2022).

[3] As the block quote above suggests, a petitioner need not show exhaustion if "it appears that . . . there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The Petition suggests that Mr. Stellick failed to exhaust state-court remedies because "the paperwork is [easier] to go through one mailed envelope [to] federal courthouse" and because two state-court trial judges had already considered aspects of his prosecution. (Pet. 5.) Mr. Stellick's explanations do not fit any of the exceptions to the exhaustion requirement listed in § 2254 and plainly do not suffice to excuse exhaustion.

> unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the "stay and abeyance" procedure described in *Rhines v. Weber*, [544 U.S. 269] (2005).[4] However, if no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default" . . . .

*Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (citations omitted); *see also, e.g.*, *Scales*, 2022 WL 884616, at *3 (quoting *Armstrong* and citing cases).

Here, Mr. Stellick may well have an available state-court remedy for his claim—he could try to raise it in a petition for postconviction review under Minnesota law. *See* Minn. Stat. § 590.01. Under Minnesota statute, a defendant who has not filed a direct appeal can file a petition for postconviction relief within "two years after the . . . entry of judgment of conviction or sentence." *Id.* § 590.01, subd. 4(a)(1). To be sure, it is not entirely clear whether Mr. Stellick is still within this two-year period—as discussed above, he has been subject to different sentencing orders at different times. If the key order is the one entered on June 9, 2020, or that entered on March 29, 2021, Mr. Stellick apparently still has time to file a postconviction-review petition. But even if the key order is the one entered on

---

[4] "Under this procedure, rather than dismiss the . . . petition . . . , a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Rhines*, 544 U.S. at 276.

April 13, 2020, Minnesota law contains various exceptions to the two-year deadline, *see id.*, subd. 4(b), and the Court will not conclude on Minnesota's behalf whether those exceptions apply here. Mr. Stellick has a potential state-court remedy here. As a result, this Court "must defer action" until Mr. Stellick exhausts his claims.

This raises the question of whether to dismiss the Petition without prejudice or use the *Rhines* stay-and-abeyance procedure.[5] Discussing *Rhines* stays, the U.S. Supreme Court has said that they "should be available only in limited circumstances." *Rhines*, 544 U.S. at 277; *see also, e.g.*, *Scales*, 2022 WL 884616, at *4 (quoting *Rhines*). Specifically, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277; *see also, e.g.*, *Scales*, 2022 WL 884616, at *4 (citing cases). Furthermore, even where good cause exists, a "district court would abuse its discretion if it were to grant [a petitioner] a stay when his unexhausted claims are plainly meritless," and a district court should not grant a stay when a petitioner has engaged in abusive litigation tactics or intentional delay. *Rhines*, 544 U.S. at 277; *see also, e.g.*, Scales, 2022 WL 884616, at *4 (citing

---

[5] It is not entirely clear whether the *Rhines* procedure should apply in cases featuring completely unexhausted petitions; *Rhines* itself addressed a "mixed" petition with both exhausted and unexhausted claims. Those circuits to consider the issue have all indicated that district courts can apply the *Rhines* procedure to completely unexhausted petitions. *See, e.g.*, *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016); *Doe v. Jones*, 762 F.3d 1174, 1178 (10th Cir. 2014); *Heleva v. Brooks*, 581 F.3d 187, 192 (3d Cir. 2009); *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006). The Eighth Circuit, however, has not addressed the question. This Court need not decide the issue here—it assumes, without deciding, that a district court may use the *Rhines* procedure even for petitions that are completely unexhausted.

cases).

No filings in this action suggest any good-faith basis for Mr. Stellick's failure to exhaust state-court remedies, so the Court need not address the other *Rhines* factors. The Court recommends that no *Rhines* stay issue here; the Petition should instead be dismissed without prejudice. Given this resolution, the Court also recommends dismissing the IFP Application as moot.

This leaves one final issue: whether to issue Mr. Stellick a certificate of appealability ("COA"). Under 28 U.S.C. § 2253(c)(1)(B), "[u]nless a circuit justice or judge issues a [COA], an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." Under § 2253(c)(2), "[a] [COA] may issue under [§ 2253(c)(1)] only if the applicant has made a substantial showing of the denial of a constitutional right." And "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, no reasonable jurist would disagree with this Court's procedural recommendations (i.e., to dismiss the Petition without prejudice, without a *Rhines* stay). The Court therefore recommends not granting Mr. Stellick a COA.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Petitioner Dylan James Stellick's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Dkt. No. 1) be **DISMISSED without prejudice**.

2. Petitioner Dylan James Stellick's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2) be **DENIED as moot**.

3. No certificate of appealability be issued.


Dated: May 24, 2022                         __s/ *John F. Docherty*_____
                                            JOHN F. DOCHERTY
                                            United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).